United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-20573
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE MENDOZA,

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(4:04-CR-108-2)**

Before DAVIS, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In a bench trial held on stipulated evidence, Guadalupe Mendoza was convicted of conspiracy to possess, and aiding and abetting the possession, with intent to distribute, five kilograms or more of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii). He challenges the district court's denial, following an evidentiary hearing, of his motion to suppress evidence seized pursuant to a consented-to search. The evidentiary hearing was held before a magistrate judge, who recommended

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granting the motion. The district court instead denied it, in a comprehensive and well-reasoned opinion.

On 20 February 2004, law enforcement personnel, having initiated surveillance of Mendoza's residence, observed, *inter alia*, Mendoza's accompanying a vehicle from his garage to a parking lot, where it was picked up by another individual. After a traffic stop of that vehicle, the individual consented to its being searched, which revealed 23 bundles of cocaine concealed in a hidden compartment.

In order to determine Mendoza's involvement, Officers executed an investigatory stop of his vehicle, obtaining his written consent to search his residence and vehicles surrounding it. The search revealed, *inter alia*: approximately $476,000; and packaging material, including electrical tape, resembling that used for the earlier-seized cocaine.

For the denial of a suppression motion, a district court's findings of fact are reviewed for clear error; its conclusions of law, *de novo*. *E.g.*, **United States v. Cardenas**, 9 F.3d 1139, 1147 (5th Cir. 1993). The evidence is reviewed in the light most favorable to the prevailing party. *E.g.*, **id.**

Mendoza first contends there was no reasonable suspicion supporting stopping his vehicle. Of course, law-enforcement officers may conduct a brief investigatory stop of a vehicle and its occupants upon reasonable suspicion "criminal activity may be

2

afoot". ***Terry v. Ohio***, 392 U.S. 1, 30 (1968). "'Reasonable suspicion' is considerably easier for the government to establish than probable cause." ***United States v. Tellez***, 11 F.3d 530, 532 (5th Cir. 1993). There need only be "some minimal level of objective justification for the officer[s'] actions, measured in [the] light of the totality of the circumstances". ***United States v. Rideau***, 969 F.2d 1572, 1574 (5th Cir. 1992) (en banc).

Mendoza does *not* contest, *inter alia*: the association of his residence, and a vehicle registered in his name, with previous drug-trafficking investigations; prior to the vehicle drop-off, his being observed purchasing, *inter alia*, electrical tape, and the vehicle's being moved into his garage, where it remained for approximately four hours; and his presence at the drop-off. Based on the totality of the circumstances, there was objective justification for stopping Mendoza's vehicle. *See **id.***

Mendoza next maintains his consent was *not* voluntary. A district court's voluntariness-of-consent determination is reviewed for clear error, in the light of: (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) his awareness of his right to refuse consent; (5) his education and intelligence; and (6) his belief no incriminating evidence will be found. *E.g.*, ***United States v.***

*Kelley*, 981 F.2d 1464, 1470 (5th Cir. 1993).  No single factor is dispositive or controlling.  *E.g.,* **id.**

Although, upon effecting the investigatory stop, some Officers approached Mendoza's vehicle with their firearms drawn, the evidence established, *inter alia*, Mendoza:  was *not* physically restrained prior to giving his initial consent; was calm and appeared "relaxed" during the stop; cooperated with the Officers and answered their questions; and was informed of his right to refuse consent.  Moreover, Mendoza did *not* present evidence of: the Officers' having pointed their firearms at him, or any occupants of his vehicle; any Officer's having displayed a firearm while obtaining his consent; or his lack of understanding of the written consent forms or his right to refuse such consent. Accordingly, he fails to show the district court's voluntariness-of-consent determination was clearly erroneous. *See **United States v. Gonzales***, 121 F.3d 928, 934, 939 (5th Cir. 1997); ***Kelley***, 981 F.2d at 1470 ("Where ... a finding of consent [is based] on the oral testimony at a suppression hearing, the clearly erroneous standard is particularly strong [because] the judge had the opportunity to observe the demeanor of the witnesses." (internal quotation marks omitted)).

*AFFIRMED*

4